09-2942-ag
Sherpa v. Holder

BIA
Hom, IJ
A093 408 699
A093 408 700
A093 408 701

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT:
         RALPH K. WINTER,
         JOSÉ A. CABRANES,
         GERARD E. LYNCH,
              *Circuit Judges*.

────────────────────────────────────────

MINGMA DORJE SHERPA, PUNAM SHIRPA,
DAWA LHAMU SHERPA,
         *Petitioner*,

         v.                                    09-2942-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent*.

────────────────────────────────────────

FOR PETITIONER:        Khaghendra Gharti-Chhetry, Chhetry &
                       Associates, P.C., New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michelle Gorden Latour,

**Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioners, Mingma Dorje Sherpa and his daughter Dawa Lhamu Sherpa, both natives and citizens of Nepal, along with his wife, Punam Sherpa, a native of India and a citizen of Nepal, all seek review of a June 11, 2009, order of the BIA affirming the August 27, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").* *In re Sherpa*, Nos. A093 408 699/700/701 (B.I.A. June 11, 2009), *aff'g* Nos. A093 408 699/700/701 (Immig. Ct. N.Y. City Aug. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the

---

* Mingma Sherpa was the lead applicant, including his wife and daughter as derivative applicants on his asylum application.

IJ's decision as modified by the BIA decision, omitting the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see* 8 U.S.C. § 1158(b)(1)(B)(iii);.

Substantial evidence supports the IJ's adverse credibility determination. In evaluating the Sherpas' credibility, the IJ found that: (1) Mingma and Punam testified inconsistently regarding when and why they first sought to leave Nepal; and (2) Mingma testified inconsistently regarding the fate of a fellow co-worker who reported similar Maoist threats to the U.S. Embassy. In their brief, the Sherpas acknowledge the inconsistencies in their testimony, but argue that they are too minor to support an adverse credibility determination. Contrary to the Sherpas' argument, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes

3

that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)) (emphasis in original); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Moreover, although the Sherpas argue that they adequately explained their inconsistent testimony, a reasonable factfinder would not have been compelled to credit their explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because the Sherpas' claims for withholding of removal and CAT relief share the same factual predicate as their asylum claim, the IJ's adverse credibility finding is fatal to those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4